# EXHIBIT B

By Fax

RECEIVED
CIVIL DROP BOX
2017 MAR -9 PM 2:51
GDSSC COURTHOUSE
SUPERIOR COURT
OF CALIFORNIA
SACRAMENTO COUNTY

1  LAURA R. PETROFF (BAR NO. 123215)
   lpetroff@winston.com
2  MONIQUE NGO-BONNICI (BAR NO. 241315)
   mbonnici@winston.com
3  JASON S. CAMPBELL (BAR NO. 285044)
   jscampbell@winston.com
4  WINSTON & STRAWN LLP
   333 S. Grand Avenue
5  Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
6  Facsimile:  (213) 615-1750

7  Attorneys for Defendants
   PROGRESSUS THERAPY, LLC; PROGRESSUS, INC.;
8  INVO HEALTHCARE ASSOCIATES, LLC;
   INVO HEALTHCARE, LLC;
9  THERAPY STATION ASSOCIATES, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| TERRI SHELTON, LAURA THOMPSON, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSUS THERAPY, LLC, A Delaware Limited Liability Company, PROGRESSUS THERAPY, INC., A Florida Corporation, PROGRESSUS, INC., A Delaware Corporation, INVO HEALTHCARE ASSOCIATES, LLC, A Pennsylvania Limited Liability Company, INVO HEALTHCARE, LLC, A Delaware Limited Liability Company, THERAPY STATION ASSOCIATES, LLC, A California Limited Liability Company, and DOES 1 through 200,<br><br>Defendants. | Case No. 34-2016-00202524-CU-OE-GDS<br>Assigned to the Hon. Gerrit W. Wood, Dept. 36<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: October 28, 2017<br>First Amended Complaint Filed: January 11, 2017 |

ANSWER TO FIRST AMENDED COMPLAINT

Defendants PROGRESSUS THERAPY, LLC; PROGRESSUS, INC.; INVO HEALTHCARE ASSOCIATES, LLC; INVO HEALTHCARE, LLC; and THERAPY STATION ASSOCIATES, LLC ("Defendants") hereby answer the unverified First Amended Complaint of Plaintiffs TERRI SHELTON and LAURA THOMPSON ("Plaintiffs") in the above-captioned matter, for themselves and for no other Defendants, by admitting, denying, and alleging as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants generally and specifically deny each and every allegation contained in the First Amended Complaint. Defendants further deny that Plaintiffs is entitled to any relief, and deny that Plaintiffs were damaged in the nature alleged, or in any other manner, or at all. Further, Defendants deny that Plaintiffs or the class/group they purports to represent have sustained any injury, damage, or loss by reason of any conduct, action, error, or omission on the part of Defendants, or any agent, employee, or any other person acting under Defendants' authority or control.

As separate and additional defenses to each of Plaintiffs' purported causes of action, and without conceding that they bear the burden of proof or persuasion as to any of the issues raised in these defenses, Defendants allege as follows:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1. The First Amended Complaint, and each and every cause of action set forth therein, fail to state facts sufficient to constitute a claim for relief against Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Statutes of Limitation)

2. Plaintiffs' claims are barred, in whole or in part, by operation of applicable statutes of limitation including, but not limited to, California Labor Code sections 203, 226, and 2699.3, California Code of Civil Procedure sections 338 and 340, California Business & Professions Code section 17208, and all other applicable limitations, statutes and requirements.

///

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

3. Plaintiffs' First Amended Complaint, and each purported cause of action therein, are barred in whole or in party by the equitable doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4. Plaintiffs' First Amended Complaint, and each purported cause of action therein, are barred in whole or in party by the equitable doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

5. Plaintiffs' First Amended Complaint, and each purported cause of action therein, are barred, in whole or in part, by the equitable doctrine of unclean hands, as a result of their and/or the representative group and/or putative class members' unclean hands with respect to the events upon which the First Amended Complaint and purported claims for relief are allegedly based.

### SIXTH AFFIRMATIVE DEFENSE

(Good Faith Dispute)

6. Plaintiffs' claims are barred because a good faith dispute exists as to whether Plaintiffs or any purported representative group and/or putative class member is owed any wages. To the extent Plaintiffs claim they or representative group and/or putative class members are owed wages or expense reimbursements, a good faith dispute exists.

### SEVENTH AFFIRMATIVE DEFENSE

(No Entitlement to Statutory Penalties)

7. To the extent Plaintiffs seek statutory penalties for alleged acts or omissions, Defendants' acts or omissions, if any, were made in good faith and Defendants had reasonable grounds for believing that the act or omission, if any, was not a violation of applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

(Contribution by Plaintiffs' Own Acts)

8. If the injuries and/or damages alleged in the First Amended Complaint occurred, such

injuries were proximately caused by and/or were contributed to by Plaintiffs' and the representative group and/or putative class members' own acts or failures to act.

### NINTH AFFIRMATIVE DEFENSE
(Alleged Conduct Is Not Illegal)

9. Plaintiffs' causes of action are barred because Defendants are not liable to Plaintiffs or members of the purported representative group and/or putative class for any alleged violation of any underlying state laws.

### TENTH AFFIRMATIVE DEFENSE
(No Underlying Liability)

10. Defendants are not liable for violation of Labor Code section 2698, *et seq.*, or Business & Professions Code section 17200 because they are not liable to Plaintiffs or members of the representative group and/or putative class for any alleged violation of any underlying state laws.

### ELEVENTH AFFIRMATIVE DEFENSE
(Unmanageable Representative PAGA Action)

11. Plaintiffs' claim that they should represent all alleged aggrieved employees under PAGA is barred because a multitude of individualized assessments would be necessary, making the representative PAGA claim unmanageable.

### TWELFTH AFFIRMATIVE DEFENSE
(Standing/No Entitlement to Representative Group Relief)

12. Plaintiffs cannot maintain representative group claims because Plaintiffs lack standing to assert claims for relief on behalf of any purported representative group, Plaintiffs are not an adequate group representative, and Plaintiffs cannot assert claims on behalf of the purported representative group due to their conflicts with the representative group they purports to represent.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Failure to Pursue Alternative Dispute Resolution)

13. Plaintiffs' claims are barred, in whole or in part, because members of the representative group and/or putative class are subject to binding agreements to arbitrate the claims at issue in their First Amended Complaint and have failed to initiate arbitration before filing this action.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Release)

14. To the extent that Plaintiffs or any purported representative group and/or putative class member executed an agreement releasing claims against Defendants and/or received monetary compensation in exchange for releasing such claims, such claims against Defendants are barred, in whole or in part.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Not Knowing, Willful, or Intentional)

15. Plaintiffs' claims are barred, in whole or in part, because Defendants' conduct as alleged in the First Amended Complaint was not knowing, willful, or intentional.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Performance of Duties And Obligations)

16. Defendants are informed and believe and thereon allege that they have performed and fully discharged any and all obligations and legal duties to Plaintiffs and the purported representative group and/or putative class pertinent to the matters alleged in Plaintiffs' First Amended Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Good Faith Reliance)

17. Plaintiffs' claims are barred in whole or in part because any acts or omissions complained of by Plaintiffs that are attributed to Defendants, were in good faith and conformity with, and in reliance on, an administrative regulation, order, ruling, approval and interpretation of applicable state and federal law, and upon external facts upon which it reasonably relied.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

18. The claims of some representative group and/or putative class members may be barred, in accord and satisfaction.

///

///

**NINETEENTH AFFIRMATIVE DEFENSE**

(*Res Judicata* and Collateral Estoppel)

19. The claims of some representative group and/or putative class members may be barred in whole or in part by the doctrine of *res judicata* and/or collateral estoppel, including, but not limited to, the doctrines of issue preclusion and claim preclusion.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Administrative Remedies)

20. Plaintiffs have failed to satisfy the administrative, procedural and jurisdictional prerequisites necessary to maintain some or all of their purported causes of action.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to State Facts Warranting Class Certification)

21. This action should not be certified as a class action because Plaintiffs failed to allege facts sufficient to warrant class certification.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

22. The relief requested by Plaintiffs pursuant to California Business and Professions Code section 17200 *et seq.* should be denied because members of the putative class have an adequate remedy at law for alleged legal claims.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Misjoinder of Parties)

23. Plaintiffs' First Amended Complaint is defective for misjoinder of parties to this action because Progressus, Inc., Invo Healthcare Associates, LLC, and Therapy Stations Associates, LLC, did not employ Plaintiffs or any purported group or putative class member.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Right to Amend)

24. Defendants currently have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. To the extent not set forth herein, Defendants reserve the right to assert additional defenses that become available or

apparent during discovery and to amend their Answer accordingly.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiffs and the purported representative group and/or putative class take nothing by the First Amended Complaint;

2. That the First Amended First Amended Complaint be dismissed in its entirety, with prejudice; and judgment be entered in favor of Defendants and against Plaintiffs and the purported representative group and/or putative class on all causes of action;

3. That Defendants be awarded their costs of suit and reasonable attorneys' fees incurred in this action; and

4. That Defendants be awarded such other relief as this Court deems proper.

Dated: March 9, 2017                              **WINSTON & STRAWN LLP**

By: _/s/ [signature]_
Laura R. Petroff
Monique Ngo-Bonnici
Jason S. Campbell
Attorneys for Defendants
PROGRESSUS THERAPY, LLC;
PROGRESSUS, INC.; INVO HEALTHCARE
ASSOCIATES, LLC; INVO HEALTHCARE,
LLC; THERAPY STATION ASSOCIATES,
LLC

# PROOF OF SERVICE

**Superior Court of California, County of Sacramento**

**Case No. 34-2016-00202524**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Winston & Strawn LLP, 333 S. Grand Avenue, Los Angeles, CA 90071-1543. On March 9, 2017, I served the following document:

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**

☒ by placing a copy of the document listed above in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, CA addressed as set forth below.

I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

**Nicholas P. Forestiere**
**John A. Mason**
**GURNEE MASON & FORESTIERE LLP**
**2240 Douglas Blvd., Suite 150**
**Roseville, CA  95661**
**Tel: 916-797-3100**

**Attorneys for Plaintiffs**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Signed: _____
Ann Newman

Dated: March 9, 2017