UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI SHELTON, LAURA THOMPSON, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSUS THERAPY, LLC, A Delaware Limited Liability Company, PROGRESSUS THERAPY, INC., A Florida Corporation, PROGRESSUS, INC., A Delaware Corporation, INVO HEALTHCARE Liability Company, INVO HEALTHCARE, LLC, A Delaware Limited Liability Company, THERAPY STATION ASSOCIATES, LLC, A California Limited Liability Company, and DOES 1 through 200,<br><br>Defendants. | No. 2:17-cv-00518-TLN-EFB<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION AND PAGA SETTLEMENT** |

Plaintiffs Terri Shelton's and Laura Thompson's ("Plaintiffs") Motion for Preliminary Approval of Class Action and PAGA Settlement ("Motion") was scheduled for hearing before this Court on February 8, 2018. The Court submitted the Motion, (ECF No. 17), and having considered the papers submitted in support of their Motion, the lack of opposition, and good cause appearing, HEREBY ORDERS THE FOLLOWING:

1

1. The Court grants preliminary approval of the Class Action and PAGA settlement ("Settlement") based upon the terms set forth in the Joint Stipulation of Class Action and PAGA Settlement ("Settlement Agreement")[1] signed by the parties and their attorneys that was submitted with the Motion as Exhibit 1. The Court preliminarily finds that the terms of the Settlement and Settlement Agreement appear to be within the range of possible approval, pursuant to Federal Rule of Civil Procedure 23 and applicable law.

2. The Court finds on a preliminary basis that:

(a) the Settlement amount is fair and reasonable to the Settlement Class Members when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals;

(b) significant informal discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions;

(c) settlement at this time will avoid substantial costs, delays and risks that would be presented by the further prosecution of the litigation; and

(d) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court preliminarily finds that the Settlement and Settlement Agreement were entered into in good faith.

3. A Final Fairness Hearing on the question of whether the proposed Settlement and Settlement Agreement, Class Counsel attorney's fees and costs, Settlement Administrator's fee, and the Class Representatives Enhancement Service Awards should be finally approved as fair, reasonable and adequate as to the members of the Class is hereby set in accordance with the Implementation Schedule set forth below.

4. The Court approves, as to form and content, the Notice of Class Action ("Notice") and Claim Form submitted with the Motion as Exhibits 2 and 3, respectively. The Court also approves the procedure for Class Members to participate in, to opt out of, and to object to, the Settlement as set forth in the Settlement and in the Notice.

---

[1] The terms used in this Order have the definitions set forth in the Settlement Agreement.

5.  The Court directs the mailing of the Notice and Claim Forms by first class mail to the Class Members in accordance with the Implementation Schedule set forth below. The Court finds the dates selected for the mailing and distribution of the Notice and the Claim Form, as set forth in the Implementation Schedule below, meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

6.  It is ordered that the following Class is confirmed certified for settlement purposes:

> All current and former hourly non-exempt individuals employed by Defendants within the State of California who provided occupational therapy, speech-language pathology, physical therapy, psychology and behavior, early intervention, special education, audiology, and/or social work treatment and services who worked during the period from October 28, 2012, through the date of Preliminary Approval of this Motion.

7.  The Court appoints Plaintiffs Terri Shelton and Laura Thompson as class representatives and the law firm of Gurnee Mason & Forestiere, LLP as Class Counsel for settlement purposes only.

8.  The Court appoints CPT Group, Inc. as the Settlement Administrator and preliminarily approves its reasonable Administration Costs estimated not to exceed $35,000.

9.  The Court further preliminarily approves Class Counsel's attorney's fees of up to $322,000 and costs not to exceed $6,185 subject to be finally determined and approved in a separate fee motion seeking such awards to be filed at least fourteen (14) days after Class Notice is mailed.

10.  The Court further ORDERS that Class Counsel shall file a motion for Final Approval of the Settlement, with the appropriate declarations and supporting evidence, including a declaration setting forth the identity of any Settlement Class Members who request exclusion from the Settlement or made any objections to it, by **June 6, 2018**.

11.  The Court further ORDERS that each Settlement Class Member shall be given a full opportunity to object to the proposed Settlement, request for attorneys' fees and costs, and to participate at the Final Approval Hearing, which the Court sets to commence on **August 23,**

3

**2018, at 2:00 p.m.** in Courtroom 2 of the United States District Court, Eastern District of California. Any Settlement Class Member seeking to object to the proposed Settlement may file such objection in writing with the Court and shall timely serve such objection on Class Counsel and Defendants' Counsel prior to the Response Deadline set forth in the Settlement Agreement period or may appear at the Final Approval Hearing to orally make the objection.

12. The Court ORDERS the following Implementation Schedule, subject to changes based upon stipulation of the parties and order of the Court, adopted for further proceedings:

| | |
|---|---|
| Deadline for Defendants to provide class list to Settlement Administrator. | 14 calendar days after Preliminary Approval. |
| Deadline for Settlement Administrator to mail Notice of Settlement and Claim Form to Class Members. | 14 calendar days after Defendants provide the class list to Settlement Administrator (28 days after Preliminary Approval). |
| Deadline for Plaintiffs to file motion for approval of Class Counsel Award of attorney's fees and costs. | 14 calendar days after mailing the Notice of Settlement and Class Form to Class Members Administrator (42 days after Preliminary Approval). |
| First reminder mailed to Class Members. | 20 calendar days after class notice is mailed (48 days after Preliminary Approval). |
| Second reminder mailed to Class Members. | 40 calendar days after class notice is mailed (68 days after Preliminary Approval). |
| Last day for Class Members to file any requests for exclusions, objections or disputed claim amounts. | 60 calendar days from date notice is mailed (88 days after entry of Preliminary Approval). |
| Deadline for the parties' replies to any Class Member objections. | 70 calendar days from date notice is mailed (98 days after entry of Preliminary Approval). |
| Deadline for Class Members to withdraw their objections to the Settlement. | 10 business days before date of Final Approval Hearing. |
| Deadline for Plaintiffs to file motion for Final Approval of class action settlement. | 28 business days before date of Final Approval Hearing. |

13. The Court further ORDERS that, pending further order of this Court, all proceedings in this Lawsuit, except those contemplated herein and in the Settlement, are stayed.

14. The Court further ORDERS that to facilitate administration of the Settlement pending final approval, this Court hereby enjoins Plaintiffs and all Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims released by the

4

Settlement, unless and until such Class Members have filed a valid Opt-Out Request with the Claims Administrator and the time for filing claims with the Claims Administrator has elapsed.

15. If for any reason the Court does not execute and file a Final Approval Order and Judgment, the proposed Settlement subject to this Order and all evidence and proceedings had in connection with the Settlement shall be null and void.

16. The Court may, for good cause, extend or change any of the deadlines set forth in this Order or set new deadlines, or adjourn or continue the Final Approval Hearing without further notice to the Class.

IT IS SO ORDERED.

Dated: March 15, 2018

Troy L. Nunley
United States District Judge