UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI SHELTON, LAURA THOMPSON individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSUS THERAPY, LLC, a Delaware Limited Liability Company, PROGRESSUS THERAPY, INC., a Florida Corporation, PROGRESSUS, INC., a Delaware Corporation, INVO HEALTHCARE ASSOCIATES Liability Company, INVO HEALTHCARE, LLC, a Delaware Limited Liability Company, THERAPY STATION ASSOCIATES, LLC, a California Limited Liability Company,<br><br>Defendants. | No. 2:17-cv-00518-TLN-EFB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PAGA AND CLASS ACTION SETTLEMENT** |

On August 23, 2018, Plaintiffs' Motion for Final Approval of Private Attorney General Act ("PAGA") and Class Action Settlement, (ECF No. 20), came before the Court seeking an order granting final approval of the Joint Stipulation for Class Action and PAGA Settlement that the Court preliminarily approved on March 16, 2018, (ECF No. 18). Nicholas P. Forestiere and John A. Mason of Gurnee Mason & Forestiere LLP appeared on behalf of Plaintiffs and the Class Members, and Jason S. Campbell of Winston & Strawn LLP appeared on behalf of Defendants.

1

The Court, having considered all papers filed and proceedings had herein and otherwise being fully informed, and good cause appearing therefore,

It is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. All terms used herein shall have the same meaning as defined in the Agreement.

2. Consistent with the definitions provided in the Agreement and the Court's Preliminary Approval Order, the term "Class" and "Class Members" includes those who failed to opt out and exclude themselves from the terms of the Agreement and who consists of the following:

> All current and former hourly non-exempt individuals employed by Defendants within the State of California who provided occupational therapy, speech-language pathology, physical therapy, psychology and behavior, early intervention, special education, audiology, and/or social work treatment and services who worked during the period from October 28, 2012, through March 16, 2018.

3. For purposes of the Settlement and Judgment to be entered in this action, "Defendant" and/or the "Released Parties" consists of Defendants PROGRESSUS THERAPY, LLC, a Delaware Limited Liability Company; PROGRESSUS THERAPY, INC., a Florida Corporation; PROGRESSUS, INC. a Delaware Corporation, INVO HEALTHCARE ASSOCIATES, LLC, a Pennsylvania Limited Liability Company, INVO HEALTHCARE, LLC, a Delaware Limited Liability Company; THERAPY STATION ASSOCIATES, LLC, a California Limited Liability Company (collectively, "Defendants") and their predecessors, successors, parents, subsidiaries, affiliated, and/or related entities.

4. The Court has jurisdiction over the subject matter of this action and over all Parties to this Action, including the Plaintiffs, Class Members and Defendants.

5. Distribution of the Legal Notice of the Class Action and PAGA Settlement and the Class Action Settlement Claim Form (collectively, the "Notice Packet") directed to Class Members as set forth in the Agreement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable

under the circumstances. The Notice Package provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement to all persons entitled to such notice, and the Notice fully satisfied the requirements of the due process. All Settlement Class Members and all Released Claims are covered by, included with, the subject to the Agreement and the Judgment to be entered in this action.

6. The Court hereby finds the Agreement was entered into in good faith following arms-length negotiations, and further finds that the Settlement and Agreement, is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned. The named Plaintiffs have satisfied the standards and applicable requirements for final approval of this Class Action and PAGA settlement and class certification under Federal Rule of Civil Procedure, Rule 23.

7. The Court hereby approves the Settlement as set forth in the Agreement, and directs the Parties to effectuate the Settlement according to the terms outlined in the Agreement.

8. As of the date of this Final Approval of the Settlement, all Released Claims of each Class Members are and shall be deemed to be conclusively released as against Released Parties. The Released Claims shall mean:

a. Any and all claims, known or unknown, asserted in the First Amended Complaint, or that could have been asserted based on the facts and allegations alleged under the First Amended Complaint, including claims pursuant to state, federal, or local law, including the California Labor Code, the California Business & Professions Code, and the Wage Orders of the California Industrial Welfare Commission, based on the claims and allegations asserted in the First Amended Complaint.

b. The Released Claims shall include all the above claims from the period beginning October 28, 2012, through March 16, 2018.

> *Expressly excluded from the Settlement are all unrelated claims including, but not limited to, claims for retaliation, discrimination, unemployment insurance, disability, workers' compensation and claims outside the Settlement Class Period, which are not released.*

3

*The release shall apply to the Settlement Class Members with regard to any claims arising during the Class Period.*

9. Neither the Settlement nor the Agreement are admissions by any of the Released Parties, nor is this Final Order and Judgment a finding of the validity of any claims in the Action, or of any wrongdoing by any of the Released Parties.

10. The Court hereby finds the $1,464,000 Gross Settlement Amount provided for under the Agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the Settlement, taken as a whole, is fair, reasonable, and adequate to all concerned. The Court, therefore, orders that the Individual Settlement Awards to be made and administered to the Class Members in accordance with the terms of the Agreement and as set forth in the Court's Preliminary Approval Order to each Class Member who has submitted a Claim Form in accordance with the Agreement.

11. The Court hereby confirms Gurnee, Mason & Forestiere, LLP, as Class Counsel. The Court further approves and orders that Class Counsel's fee of $322,000 and its costs of $5,370.40 be paid to Class Counsel and deducted from the Maximum Settlement Amount.

12. The Court also hereby confirms Named Plaintiffs TERRI SHELTON and LAURA THOMPSON as Class Representatives and authorizes a class representative payment to each Named Plaintiff in the amount of $10,000 from the Maximum Settlement Amount (for a total of $20,000).

13. The Court also approves and orders that the amount of $11,652 be paid to the Class Administrator, CPT Group, Inc., and deducted from the Maximum Settlement Amount for the costs of administration.

14. The Court also approves and orders that a PAGA Penalty Payment in the amount of $15,000 be deducted from the Maximum Settlement Amount to be distributed as follows: $11,250 to the California Labor and Workforce Development Agency, and $3,750 to be distributed to Participating Class Members on a *pro rata* basis.

15. In accordance with the Agreement, any Class Member's Individual Settlement Payment checks not cashed within 180 days will be voided and the funds will be sent to the

California Department of Industrial Relations' Unclaimed Wages Fund, and the failure to cash any check within 180 days shall in no way affect the binding nature of the settlement or the biding nature of any release of claims.

16. The Court hereby awards and enters Judgment of the entire Action based upon the terms of the Agreement and this Final Approval Order, orders the Parties to act in accordance with and pursuant to the terms set forth in the of this Final Approval Order and the Agreement. Without affecting the finality of this Final Approval Order and Judgement in any way, the Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and Agreement and all orders entered in connection therewith.

**IT IS SO ORDERED.**

Dated: September 6, 2018

_____
Troy L. Nunley
United States District Judge