UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI SHELTON, LAURA THOMPSON individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PROGRESSUS THERAPY, LLC, a Delaware Limited Liability Company, PROGRESSUS THERAPY, INC., a Florida Corporation, PROGRESSUS, INC., a Delaware Corporation, INVO HEALTHCARE ASSOCIATES Liability Company, INVO HEALTHCARE, LLC, a Delaware Limited Liability Company, THERAPY STATION ASSOCIATES, LLC, a California Limited Liability Company,<br><br>Defendants. | No. 2:17-cv-00518-TLN-EFB<br><br>**ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEY'S FEES AND COSTS** |

This matter is before this Court on Class Counsel's Motion for Attorneys' Fees and Costs ("Motion"), (ECF No. 19), pursuant to the Court's Order Granting Preliminary Approval of Class Action and Private Attorney General Act ("PAGA") Settlement, (ECF No. 18). Having considered the filings, the Motion, Class Counsel's declaration, and the oral arguments of counsel at the August 23, 2018, hearing for final approval, the Court finds as follows:

1. The court approved Class Notice, including information regarding the requested aware of attorneys' fees and costs, was directed to Class Members in a reasonable manner, and complied with Rule 23(h)(1) of the Federal Rules of Civil Procedure. The Class Notice was mailed to the Class by the Claims Administrator on April 12, 2018.

2. Class Members have been given the opportunity to object to the requested fees and costs in compliance with Fed. R. Civ. P. 23(h)(2). However, no Class Member has filed any objections.

3. The Settlement Agreement provides that Class Counsel may seek up to $322,000 in attorneys' fees, plus their reasonably incurred litigation expenses up to $6,185. Class Counsel seeks $322,000 in attorneys' fees, plus their reasonably incurred litigation expenses in the amount $5,370.40. Defendants do not object to these amounts.

4. Class Counsel have substantiated their fee request in their Motion and declaration describing their billing practices, billing rates, hours worked, work tasks performed and corresponding lodestar for the time invested into this case. The Motion and declaration demonstrate a lodestar of approximately $212,790, as of April 24, 2018. Class Counsel notes this does not includes work performed regarding communicating with Class Members and the settlement administrator after April 24, 2018, preparing the case for final approval, and overseeing implementation of the settlement after final approval. Class Counsel's fee request is based upon both a percentage of the common funds, and its lodestar plus a multiplier

5. Class Counsel first seeks its fee request of $322,000 based upon requesting twenty-two percent (22%) of the $1.464 million amount of the common fund that constitutes the Gross Settlement Amount. Class Counsel's Motion and declaration establish that the $322,000 fee request based upon such a percentage of the common fund is reasonable under applicable law, and in light of the contingent risk, Class Counsel's documented lodestar and multiplier, the complex nature of the case, time spent on the case, and strong result for the Class. Class Counsel's $322,000 fee request is further reasonable based upon cross-checking that amount with Class Counsel's lodestar and 1.5 multiplier as discussed further below. A common cross-

check regarding the reasonableness of a fee award is its percentage of total value of the benefits conferred on the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478–81 (1980); *see Laffitte v. Robert Half Int'l Inc.*, 1 Cal.5th 480, 504 (2016) (reasoning that courts may "double-check" the reasonableness of a percentage fee through a lodestar calculation).

6. Class Counsel additionally requests its fee of $322,000 based upon its loadstar of $212,790 plus a 1.5 multiplier. Class Counsel's Motion and declaration, as discussed below, establish that the $322,000 fee request based on its loadstar and 1.5 multiplier is reasonable under applicable law, and in light of contingent risk, Class Counsel's documented lodestar and multiplier, the complex nature of the case, time spent on the case, and strong result for the Class.

7. The declarations submitted in support of the Motion and the prior Motion for Preliminary Approval of the Class Action and PAGA Settlement demonstrate that the attorneys representing the Class, who have been preliminarily appointed as Class Counsel, have the experience and qualifications necessary to represent the Class, and justify their reasonable hourly rates of $300 and $350. A reasonable hourly rate is the prevailing rate charged by attorneys of similar skill and experience in the relevant community. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The Court finds the hourly rates charged by Class Counsel are within the prevailing range of hourly rates charged by attorneys providing similar services in class action, wage-and-hour cases in the Sacramento area of California.

8. The Motion and declaration further demonstrate that Class Counsel expended 616.6 hours as of April 24, 2018, and would expend significant addition hours after that date. Generally, hours are reasonable if they were "reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client." *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983). The Court finds the total hours worked by Class Counsel are reasonable, given the nature of the case and the defenses presented, the work Class Counsel had to undertake, and the results achieved.

9. Class Counsel also seek and are entitled to a multiplier of their total lodestar. *See Ketchum v. Moses*, 24 Cal.4th 1122, 1132–33, 1138 (2001) (reasoning that contingency fees

should be higher than fees for the same legal services paid concurrently with the provision of the services).  The Court finds the multiplier sought of 1.5 is reasonable and appropriate, given the documented lodestar, contingent risk, complexity, time spent on the case, the preclusion of counsel from other employment, and the favorable results achieved for Class Members.

11. Class Counsel are entitled to recover the out-of-pocket costs and litigation expenses they reasonably incurred in investigating, prosecuting, and setting this case. *Staton v. Boeing*, 327 F.3d 939, 974 (9th Cir. 2003).  The Court finds that the Motion and declaration establish that Class Counsel's out-of-pocket costs and expenses of $5,370.40 are documented, and reasonable and necessary to the prosecution of this action.

13. Based upon the forgoing, the Court grants the Motion, and approves and awards Class Counsel attorneys' fees in the amount of $322,000 and costs of $5,370.40, both of which are to be paid from the Gross Settlement Amount and common fund pursuant to the terms and timeframe set forth in the Settlement Agreement and Court's Order for Preliminary Approval of the Class Action and PAGA settlement.

**IT IS SO ORDERED.**

Dated: September 6, 2018

_____
Troy L. Nunley
United States District Judge